Jeremy D. Sacks, OSB No. 994262
jeremy.sacks@stoel.com
Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Taryn K. Williams, OSB No. 165627
taryn.williams@stoel.com
Kennon Scott, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

        Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICIA HARRINGTON, individually and on behalf of all others similarly situated, | Case No.: 3:17-CV-00558-YY |
| Plaintiff, | |
| v. | DEFENDANT'S MOTION TO DISMISS |
| AIRBNB, INC., | ORAL ARGUMENT REQUESTED |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

I.     LOCAL RULE 7-1(A) COMPLIANCE ........................................................... 1

II.    MOTION ............................................................................................................ 1

III.   MEMORANDUM OF LAW ............................................................................. 1

    A.    Introduction ........................................................................................... 1

    B.    Background ............................................................................................. 5

    C.    Legal Standard ....................................................................................... 7

    D.    Plaintiff Cannot State a Claim Under the OPAA Because No Distinction, Discrimination, or Restriction Has Been Made Against Her on Account of Her Race ........................................................................ 7

          1.    ORS § 659A.403 Provides a Private Right of Action Only for Alleged Discrimination That Already Has Occurred, Not for Prospective or Contingent Discrimination That May Occur in Future ........................................................................................... 8

          2.    The Complaint Acknowledges That Airbnb Applied Its Policies in a Facially Neutral Manner ..................................................... 11

          3.    Even if a Claim Could Be Based on Anticipated Discrimination, Plaintiff Cannot State a Claim Because She Cannot Allege an Actual and Genuine Impending Injury .................................... 12

    E.    Plaintiff Fails to State a Claim Because the Accommodations at Issue Are Not "Places of Public Accommodation" as Defined by the OPAA .................... 14

IV.   CONCLUSION ............................................................................................... 16

Page   i   -   DEFENDANT'S MOTION TO DISMISS

94045720.1 0056120-00002

# TABLE OF AUTHORITIES

**Page**

## Cases

*Abukhalaf v. Morrison Child & Family Servs.*,
    No. CV 08-345-HU, 2009 WL 4067274 (D. Or. Nov. 20, 2009)...........................................15

*Allen v. U.S. Bancorp*,
    264 F. Supp. 2d 945 (D. Or. 2003) .....................................................................................9, 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................................7

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) ..................................................................................................2

*Craig v. US Bancorp*,
    No. Civ. 03-1680-AA, 2004 WL 817149 (D. Or. Apr. 14, 2004) ...........................................9

*Cummings Constr. Co. v. Sch. Dist. No. 9, Coos Cty.*,
    242 Or. 106, 408 P.2d 80 (1965) .......................................................................................13, 14

*Gaines v. Nordstrom, Inc.*,
    No. 05-CV-689-PK, 2006 WL 2711779 (D. Or. Sept. 19, 2006)................................9, 10, 11

*Kohring v. Ballard*,
    355 Or. 297, 325 P.3d 717 (2014) (en banc) ..........................................................................8

*Morgan v. Sisters Sch. Dist. No. 6*,
    353 Or. 189, 301 P.3d 419 (2013) ..........................................................................................14

*MT & M Gaming, Inc. v. City of Portland*,
    274 Or. App. 100, 360 P.3d 611 (2015), *review allowed*, 358 Or. 529, 367
    P.3d 529 (2016), *and aff'd*, 360 Or. 544, 383 P.3d 800 (2016) ...............................14

*Nordbye v. BRCP/GM Ellington*,
    271 Or. App. 168, 349 P.3d 639 (2015)....................................................................................8

*PGE v. Bureau of Labor & Indus.*,
    317 Or. 606, 859 P.2d 1143 (1993) ..........................................................................................8

# TABLE OF AUTHORITIES

**Page**

*Roberts v. Legacy Meridian Park Hosp., Inc.*,
  No. 3:13-CV-01136-SI, 2014 WL 294549 (D. Or. Jan. 24, 2014) ..........................................8

*Schwenk v. Boy Scouts of Am.*,
  275 Or. 327, 551 P.2d 465 (1976) ........................................................................................15

*Selden v. Airbnb, Inc.*,
  No. 16-cv-00933, 2016 WL 6476934 (D.D.C. Nov. 1, 2016) ..................................................3

*State v. Gaines*,
  346 Or. 160, 206 P.3d 1042 (2009) ........................................................................................8

*Vejo v. Portland Pub. Sch.*,
  204 F. Supp. 3d 1149 (D. Or. 2016) .................................................................................9, 15

**Statutes**

Oregon Public Accommodations Act ............................................................................... passim

ORS § 174.010 .........................................................................................................................12

ORS § 659A.400(1)(a) .............................................................................................................14

ORS § 659A.400(2)(e) ...................................................................................................4, 14, 15

ORS § 659A.400, *et seq* .............................................................................................................2

ORS § 659A.403 .............................................................................................................. passim

ORS § 659A.403(1) ...................................................................................................................7

ORS § 659A.885(7) .......................................................................................................... passim

ORS § 659A.885(10) ...........................................................................................................9, 13

ORS § 659A.885(10)(a)(B) ......................................................................................................13

Uniform Declaratory Judgments Act .......................................................................................14

**Rules**

Fed. R. Civ. P. 8(a)(2) ...............................................................................................................7

Fed. R. Civ. P. 12(b)(6) .........................................................................................................1, 7

Page   iii   -   DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

Fed. R. Civ. P. 23 ..............................................................................................................1

LR 7-1(a) .........................................................................................................................1

**Other Authorities**

http://blog.atairbnb.com/wp-content/uploads/2016/09/REPORT_Airbnbs-Work-
to-Fight-Discrimination-and-Build-Inclusion.pdf ..................................................1

# I.  LOCAL RULE 7-1(A) COMPLIANCE

Pursuant to LR 7-1(a), counsel for defendant Airbnb, Inc. ("Airbnb") certify that they conferred in good faith by telephone with counsel for plaintiff Patricia Harrington ("Plaintiff") regarding this motion.  The parties were unable to reach agreement.

# II.  MOTION

Airbnb moves to dismiss Plaintiff's Class Action Complaint ("Complaint") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  This Motion is supported by the following Memorandum of Law and the pleadings and documents on file.

# III.  MEMORANDUM OF LAW

## A.    Introduction

Regrettably, discrimination exists in our world today.  And, unfortunately, Airbnb's online community is not immune from this pervasive societal problem, an issue on which Airbnb is keenly focused.  Airbnb strongly believes that racial discrimination is both fundamentally wrong and wholly incompatible with its mission of promoting global belonging.

In the past year, Airbnb has openly acknowledged that some individual third-party hosts and guests on its platform have engaged in discrimination in interacting with each other and has confronted that misconduct head on, taking a very public stance backed by policy and product changes designed to fight bias in the Airbnb community.[2]  Among other things, Airbnb has

---

[1] This action is not suitable for class certification under Rule 23, and Airbnb will oppose class certification if the Complaint is not first dismissed for the reasons stated herein.

[2] Airbnb engaged Laura Murphy, former Director of the ACLU Legislative Office, to lead the company's anti-discrimination efforts.  Ms. Murphy, together with a group of other highly respected experts, undertook an investigation and submitted a report, "Airbnb's Work to Fight Discrimination and Build Inclusion," on September 6, 2016 (the "Murphy Report"), which was publicly released.  *See* http://blog.atairbnb.com/wp-content/uploads/2016/09/REPORT_Airbnbs-Work-to-Fight-Discrimination-and-Build-Inclusion.pdf.  Plaintiff quotes from and relies on page
(continued . . .)

Page   1   -   DEFENDANT'S MOTION TO DISMISS

required every host and guest to affirmatively uphold the Airbnb Community Commitment in

order to share their space or book a listing on Airbnb:

> "We believe that no matter who you are, where you are from, or
> where you travel, you should be able to belong in the Airbnb
> community. By joining this community, you commit to treat all
> fellow members of this community, regardless of race, religion,
> national origin, disability, sex, gender identity, sexual orientation
> or age, with respect, and without judgment or bias."

*See* Murphy Report at 10.  Airbnb's action to address discrimination does not and should not

mean that it has thereby opened itself up to legal liability.

Nevertheless, in the wake of Airbnb's widely publicized steps to combat bias in its

community, Plaintiff and her putative class counsel filed this lawsuit.  Plaintiff has never joined

Airbnb.[3]  Nor has she suffered any discrimination in any way connected to Airbnb.  But

Plaintiff's Complaint nevertheless asserts that she and the members of her proposed class,

African-American Oregon residents who also have never joined Airbnb, are entitled to relief

under the Oregon Public Accommodations Act (the "OPAA"), Or. Rev. Stat. ("ORS")

§ 659A.400, *et seq.*  More specifically, they seek broad injunctive relief mandating that Airbnb

---

(. . . continued)

10 of the Murphy Report in her Complaint, Compl. ¶ 17, so the Court may consider it in ruling
on this Motion.  *See, e.g.*, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)
("We have extended the doctrine of incorporation by reference to consider documents in
situations where the complaint necessarily relies upon a document or the contents of the
document are alleged in a complaint, the document's authenticity is not in question and there are
no disputed issues as to the document's relevance.").

[3] Just 12 days before filing this action, Plaintiff's counsel sent Airbnb a letter seeking to allow
her and the putative class members to join Airbnb on terms different than those that apply to
everyone else.  Compl. ¶¶ 25, 38.

Page    2    -    DEFENDANT'S MOTION TO DISMISS

further change the way its home-sharing platform works (and also seek to collect attorneys' fees) because a putative class member **might in the future:**

- *decide to join Airbnb;*

- *seek to book an accommodation in Oregon using Airbnb's online platform;*

- *submit a booking request to an individual Oregon host who refuses to accept the request on discriminatory grounds (in violation of their express agreement to Airbnb's mandatory Non-Discrimination pledge); and*

- *be refused based on the name and/or profile photo that the would-be Airbnb guest provided for use on the Airbnb platform.*

Plaintiff's string of hypothetical suppositions does not give rise to a legal claim against Airbnb under the OPAA.[4]  The plain text, context, and applicable case law demonstrate that only a plaintiff who actually has been discriminated against may state a claim for an alleged violation of the OPAA because a private cause of action arises only for:

> "[a]ny individual ***against whom*** any distinction, discrimination or restriction on account of race . . . ***has been made*** by any place of public accommodation, . . . or by any person aiding or abetting the place."

ORS § 659A.885(7) (emphasis added; citation omitted).  Plaintiff admits that neither she nor any member of the putative class has suffered discrimination by using the Airbnb platform.  And even if Plaintiff could bring a claim under this statutory provision based on a theoretically

---

[4] Notably, the fact that Plaintiff has affirmatively opted not to join the Airbnb community means she is avoiding the Terms of Service, which include an arbitration clause and a class action waiver.  *See* Compl. ¶¶ 10, 22, 23; *see also Selden v. Airbnb, Inc.*, No. 16-cv-00933, 2016 WL 6476934, at *3 (D.D.C. Nov. 1, 2016) (compelling arbitration of putative class action brought by African-American member of Airbnb for alleged of violation of federal anti-discrimination laws based on Airbnb Terms of Service).  Had Plaintiff (or any putative class member) actually been discriminated against, then one must assume that Plaintiff would have been an Airbnb member—which is the only way to book accommodations with a third-party host on the platform.  *See, e.g.*, Compl. ¶ 19.  If that were the case, then Plaintiff, like the plaintiff in *Selden*, would have agreed to arbitrate her claim pursuant to the Terms of Service.

Page   3   -   DEFENDANT'S MOTION TO DISMISS

anticipated, future discriminatory act (and she cannot), Plaintiff has not alleged a risk of sufficiently certain or impending racial discrimination that provides a legal basis for a claim for injunctive relief against Airbnb.

Very simply, Plaintiff does not, and cannot, allege any facts suggesting that Airbnb has discriminated against her or any putative class member, and there is no legal basis for liability against Airbnb for any discrimination—past or anticipatory—under existing law. What Plaintiff seeks, therefore, is for this Court to unilaterally expand the basis for liability beyond what the OPAA provides. Taken to its logical conclusion, eliminating the requirement of actual discrimination for a private right of action would mean any individual with an alleged fear of discrimination could bring an anticipatory lawsuit (including on a class action basis) against any purported operator of a public accommodation (or person who otherwise assists them) seeking equitable relief for potential future discrimination. The only true way for a potential defendant to avoid such suits would be to try to eliminate any human interaction and other means of potential discrimination in their business operations. That outcome is neither permitted nor warranted.

Plaintiff's Complaint suffers from yet another fundamental flaw. The OPAA applies only to places of "public accommodation." Airbnb does not offer any accommodations; rather, it maintains an online home-sharing marketplace for third parties to list, browse, and book accommodations. The accommodations are owned, managed, and/or controlled by these third-party hosts (not Airbnb), and those hosts make independent determinations as to when and to whom they book accommodations. Because these accommodations are "distinctly private," they are specifically excluded from the OPAA. *See* ORS § 659A.400(2)(e).

For all of these reasons, the Complaint should be dismissed with prejudice.

Page   4   -   DEFENDANT'S MOTION TO DISMISS

**B.      Background**

Airbnb's online marketplace is used by third parties ("hosts") to post listings that offer

other Airbnb users ("guests") the opportunity to discover and stay in more than two million

unique accommodations around the world, "such as a spare room, basement, or guest house."

Compl. ¶¶ 5, 7, 11.[5]  The Airbnb community is incredibly diverse.  It includes millions of people

from across the globe.  *See id.* ¶ 7.

Airbnb requires each member (including hosts and prospective guests) to register and

create an account with Airbnb, including a member profile.  *Id.* ¶¶ 9-10.  As alleged by Plaintiff,

the member profile must include a first and last name and a photograph of the member's face.

*Id.* ¶¶ 10, 12.  Airbnb members also are required to adhere to Airbnb's policies, including a

Nondiscrimination Policy and its Terms of Service.[6]

Plaintiff, an African-American residing in Oregon, has never joined Airbnb.  Compl. ¶¶

1, 22.  She does not allege that she attempted to join Airbnb or that Airbnb has discriminated

against her.  Nor does she allege that she or any other member of the putative class has been

denied accommodations by any Airbnb host on account of their race or for any other reason (nor

could they, because they are non-members).  Instead, Plaintiff alleges that she "wishes to become

a member of Airbnb," but will join only if she is not required to agree to facially neutral policies

that she alleges "discriminate against African-Americans and . . . allow hosts to discriminate

against African-Americans."  *Id.* ¶¶ 23, 25.  Airbnb has refused to allow Plaintiff to join on terms

---

[5] The current figure is more than four million listings.

[6] Consideration of Airbnb Terms of Service is not necessary for resolution of this motion.  These Terms—and any other materials cited that are outside the scope of the Complaint—are provided for background purposes only.

Page   5   -   DEFENDANT'S MOTION TO DISMISS

different than those that apply to all other members, regardless of race, ethnicity, or any other immutable characteristic.  *See id.* ¶ 26.

Plaintiff contends that Airbnb's booking policies are discriminatory because, she alleges, they "requir[e] guests to maintain a profile that includes a photograph," "forward[] to hosts information about guests that necessarily reveal immutable protected characteristics," and "allow[] hosts to make booking decisions based on those immutable characteristics."  *Id.* ¶ 19. Plaintiff acknowledges that these policies apply to *each* Airbnb member, regardless of race. *See id.* ¶ 10.  She does not (and cannot) allege that *Airbnb* itself treats African-American members differently than it treats other members.  Instead, Plaintiff contends that the booking policies allow Airbnb *hosts* to refuse booking requests based on "immutable characteristics" revealed by names and profile photos, which results in African-American Airbnb guests allegedly receiving a "different service" from Airbnb than white Airbnb users.  *Id.* ¶ 37.[7]

Plaintiff alleges that this conduct violates the OPAA, and seeks, on her own behalf and as a representative of the putative class, injunctive relief to remedy the alleged violation.  *See* Compl.  ¶¶ 30, 36-40.

---

[7] Third-party hosts are responsible for the content of their own listings and make their own individual decisions regarding whether to communicate acceptance or refusal of a booking request from any particular guest.  Compl. ¶¶ 11-15.  Although Airbnb cannot know the motivation behind a host's communications on booking decisions in each case, Airbnb recognizes that discrimination has occurred on the platform.  Airbnb has been open and honest about the fact "that there have been too many unacceptable instances of people being discriminated against on the Airbnb platform." *Id.* ¶ 17.  For this reason, Airbnb has taken concrete steps to stop hosts from discriminating against other members.  For example, Airbnb has implemented the robust Nondiscrimination Policy.  Murphy Report at Appendix One.

Page   6   -   DEFENDANT'S MOTION TO DISMISS

## C.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  If a complaint fails to do so, it may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  A claim is facially plausible when it contains factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, *id.* at 556, a standard that requires "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief," and dismissal is appropriate.  *Id.* (internal quotation marks and citation omitted). Moreover, "naked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to satisfy the plaintiff's pleading burden.  *Id.* (brackets, internal quotation marks, and citation omitted).

## D.     Plaintiff Cannot State a Claim Under the OPAA Because No Distinction, Discrimination, or Restriction Has Been Made Against Her on Account of Her Race

ORS § 659A.403(1) provides that "all persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, without any distinction, discrimination or restriction on account of race . . . ."  Because Airbnb is not a "place of public accommodation" as defined under the statute, Plaintiff's claim must fail as a matter of law.  *See* discussion *infra* Part III.E.  But even if it were, Plaintiff cannot state a claim under the OPAA because neither she nor any member of

Page   7   -   DEFENDANT'S MOTION TO DISMISS

the putative class has been discriminated against on account of race, a fact that wholly

undermines her alleged cause of action.

**1.     ORS § 659A.403 Provides a Private Right of Action Only for Alleged Discrimination That Already Has Occurred, Not for Prospective or Contingent Discrimination That May Occur in Future**

"[W]hen the legislature provides a cause of action in a statute, it also specifies the group

of people who may prosecute that cause of action." *Nordbye v. BRCP/GM Ellington*, 271 Or.

App. 168, 175, 349 P.3d 639 (2015).  The language of the OPAA is clear.  It provides a private

right of action to enforce ORS § 659A.403 to "[a]ny individual *against whom* any distinction,

discrimination or restriction on account of race . . . *has been made* by any place of public

accommodation."  ORS § 659A.885(7) (emphasis added); *see also Roberts v. Legacy Meridian*

*Park Hosp., Inc.*, No. 3:13-CV-01136-SI, 2014 WL 294549, at *4 (D. Or. Jan. 24, 2014) (noting

that ORS § 659A.885(7) "creates a civil cause of action for violations of" ORS § 659A.403).

There is no question that this plain text refers only to alleged discrimination that has already

occurred; it is not so elastic that it may be stretched to apply to future discrimination that has not

occurred and may never occur.[8]  This fact is evident from the key statutory phrase "has been

made."  The language is in the past tense.  Its plain and ordinary meaning requires that the

alleged discriminatory act or distinction to already have occurred.  There is absolutely no text

that indicates the statutory provision applies to future actions, which would require the inclusion

of some sort of future tense that is distinctly absent here.

---

[8] When interpreting a statutory provision, Oregon courts first examine the provision's plain text and context.  *PGE v. Bureau of Labor & Indus.*, 317 Or. 606, 610-11, 859 P.2d 1143 (1993) (principles for interpreting statutes); *State v. Gaines*, 346 Or. 160, 168, 206 P.3d 1042 (2009).  In so doing, courts give undefined terms their plain, natural, and ordinary meaning.  *See Kohring v. Ballard*, 355 Or. 297, 303, 325 P.3d 717 (2014) (en banc).

The remainder of the statute further confirms that the provision does not apply to prospective or future acts. Whereas ORS § 659A.885(7) expressly requires that the "distinction, discrimination or restriction . . . has been made," a separate subsection of the same statutory provision does expressly allow a claim to be based on a prospective or anticipated discriminatory act. Specifically, ORS § 659A.885(10) allows a person who believes he or she "has been injured by an unlawful practice or discriminatory housing practice" or "[w]*ill be injured* by an unlawful practice or discriminatory housing practice *that is about to occur*" to intervene in an action brought by the Attorney General alleging a violation of statutory prohibitions against discrimination in real property transactions. ORS § 659A.885(10) (emphasis added). The Oregon legislature knew how to allow claims for future anticipated harm under this statutory provision, but it did not do so for subsection (7).

The cases interpreting and applying the OPAA confirm this conclusion. They uniformly recognize that a claim for an alleged violation of ORS § 659A.403 may arise only when a plaintiff has actually been subject to discrimination or unequal treatment. *See Vejo v. Portland Pub. Sch.*, 204 F. Supp. 3d 1149, 1172 (D. Or. 2016) ("[T]he issue is whether the plaintiff was treated in an 'unequal' manner because of a protected characteristic . . . ."); *Gaines v. Nordstrom, Inc.*, No. 05-CV-689-PK, 2006 WL 2711779, at *7 (D. Or. Sept. 19, 2006) (summary judgment granted where there was "no evidence that [plaintiff] was singled out or treated unequally because of her race"); *Craig v. US Bancorp*, No. Civ. 03-1680-AA, 2004 WL 817149, at *4 (D. Or. Apr. 14, 2004) (plaintiff stated a claim because he alleged he "was treated differently because of his race"); *Allen v. U.S. Bancorp*, 264 F. Supp. 2d 945, 954 (D. Or. 2003).

In *Allen,* for example, an African-American plaintiff specifically alleged he had received unequal treatment from the defendant bank in violation of the OPAA. While waiting in line to

Page   9   -   DEFENDANT'S MOTION TO DISMISS

make a deposit, Allen was asked to remove his sunglasses, although other white customers were permitted to wear sunglasses. *Id*. at 950-51. There was "no dispute" that the plaintiff had alleged specific treatment that "differ[ed] from his white counterparts." *Id*. at 953. As explained by the court, "the issue is whether [the plaintiff] was treated in an 'unequal' manner because of his race and whether that treatment resulted in an injury to him." *Id*. at 953-94. The court ruled that the complaint stated a claim under ORS § 659A.403 because it alleged that applying the no-sunglasses policy to him and not his white counterparts amounted to "discriminatory treatment." *Id*. at 954. Here, there is no allegation that Airbnb applies different policies to Plaintiff (or any potential class member) on account of race.

The court reached the opposite conclusion in *Gaines v. Nordstrom, Inc.*, which is particularly instructive here. Gaines (who was African-American and Native American) alleged that Nordstrom violated the OPAA and various federal antidiscrimination laws because she was not offered assistance as she shopped. She also alleged that she overheard sales clerks questioning her ability to afford the clothing she tried on in the store. In granting Nordstrom summary judgment on the plaintiff's OPAA claim, Judge Papak explained:

> There is no evidence in this record that Gaines was treated differently than members of other races at Nordstrom. Though she complains that she was never offered assistance by Nordstrom's sales associates, there is no evidence—not even in the form of affidavit testimony from Gaines—that salespeople were helping white customers and ignoring Gaines. Moreover, Gaines did not ask for assistance while trying on clothing. Gaines was able to freely browse the store and try on various items of clothing without interference. With respect to monitoring Gaines's movement when she moved around the store wearing the Missoni outfit, Gaines offered no evidence to suggest Nordstrom departed from its normal loss prevention procedures or applied their policies differently to Gaines because of her race. The same is true for the confrontation between Gaines and Powers, and Gaines's detention. There is simply no evidence that Gaines was singled out or treated unequally because of her race, and as a result the court

recommends that summary judgment be granted in favor of
Nordstrom on this claim.

*Gaines*, 2006 WL 2711779, at *7.[9]

      The same conclusions apply to this case.  Plaintiff does not allege that she or any member
of the putative class has ever been subject to ***actual discrimination or unequal treatment***—
"singled out or treated unequally because of her race"—in using Airbnb's platform or seeking to
book an accommodation with a host using Airbnb.  No putative class member has ever joined
Airbnb.  Compl. ¶¶ 22, 30.  No putative class member has requested and been denied the
opportunity to join Airbnb.  And there are no allegations that Airbnb or any of its hosts made any
discriminatory remarks or engaged in any discriminatory act toward Plaintiff or any other
member of the putative class.  Plaintiff does not and cannot allege any facts demonstrating that
"any distinction, discrimination or restriction on account of race [or] color . . . has been made"
against her or any putative class member, as required by ORS § 659A.885(7) to state a claim for
a violation of ORS § 659A.403.

    **2.**     **The Complaint Acknowledges That Airbnb Applied Its Policies in a Facially
          Neutral Manner**

      Plaintiff tries to avoid this necessary result by alleging a faulty legal conclusion: "Airbnb
makes distinctions, discriminates and imposes restrictions on plaintiff and members of the class
on account of race or color by denying them membership free of discrimination."  Compl. ¶ 38.
In fact, the opposite is true:  The Complaint itself alleges that Airbnb refuses to apply its policies
inconsistently on the basis of race.  *See id.* ¶ 26.  Before filing this lawsuit, Plaintiff, "through
counsel," asked Airbnb to allow her and other African-Americans in Oregon to join on terms that
differed from those that apply to all other members.  *See id.* ¶¶ 25, 26.  Airbnb refused to allow

---

[9] Judge Brown adopted Judge Papak's findings and recommendations.  *See id.* at *2.

Page   11  -   DEFENDANT'S MOTION TO DISMISS

Plaintiff and other members of the putative class to "join under those terms." In other words, Airbnb refused to apply inconsistent policies to its members. *See id.* ¶ 26. Although Plaintiff now argues that she and other African-Americans in Oregon would be receiving a "different service" than whites (because they cannot join without being subject to policies that Plaintiff contends are discriminatory), Plaintiff herself acknowledges that those policies are facially neutral: they require *all* members—without regard to race—to create a profile, including the member's name and photograph. *See id.* ¶ 10.

The heart of the Complaint is not about Airbnb's behavior or policies. Rather, Plaintiff's theory is based entirely on her speculation that, if she or other putative class members join under the current policies, some third-party host might use the name and profile picture requested during Airbnb's profile creation process to impermissibly deny a booking request in the future because such discrimination is alleged to have occurred in the past. *See, e.g.,* Compl. ¶¶ 16, 17. Once again, this theory of liability is defective because ORS § 659A.885(7) does not provide a civil cause of action to an individual who believes that he or she might be discriminated against in the future, and the Court should decline Plaintiff's request that it create one now.[10]

### 3. Even if a Claim Could Be Based on Anticipated Discrimination, Plaintiff Cannot State a Claim Because She Cannot Allege an Actual and Genuine Impending Injury

Even in those specific instances where Oregon law provides a private right of action based on a prospective or anticipated discriminatory act in the housing context, Plaintiff still must allege that she *"[w]ill be injured* by an unlawful practice or discriminatory housing practice

---

[10] *See* ORS § 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.").

*that is about to occur*." ORS § 659A.885(10) (emphasis added) (allowing private party intervention in an action brought by the Attorney General). Oregon law also is clear that a plaintiff seeking injunctive relief must show that "[t]he prejudice to his position must be actual and genuine and not merely possible and remote." *Cummings Constr. Co. v. Sch. Dist. No. 9, Coos Cty.*, 242 Or. 106, 111, 408 P.2d 80, 83 (1965). She has not done so.

Even if Plaintiff were seeking to intervene under ORS § 659A.885(10)(a)(B) in an ongoing case to halt potential future harm (and she is not), Plaintiff does not—and cannot—allege that she (or any member of the putative class) is facing an imminent threat of racial discrimination to justify injunctive relief. Airbnb's booking policies are facially neutral, applying equally to members of all races. The fact that some hosts may have discriminated in the past against other members—a fact the Airbnb recognizes and is seeking to rectify—cannot, without more, state a claim for injunctive relief. Plaintiff's injury allegation is far too conjectural to be imminent: She would be subject to the discrimination alleged in her Complaint only:

- *if* she joined Airbnb,

- *if* she created a profile that revealed her race to prospective hosts,

- *if* she requested a booking from a host inclined to discriminate based on race, and

- *if* that host actually refused to accept her booking request on account of her race.[11]

Plaintiff's claim is based on too many contingencies and is far too remote and speculative to state a claim for relief against future discrimination even if one were to exist under ORS § 659A.885(7) (and it does not). *See also Cummings*, 242 Or. at 111 (to state a claim for injunctive relief under Oregon law, "[t]he danger or dilemma of the plaintiff must be present, not

---

[11] Even then, Plaintiff's claim would be against the host at issue, not Airbnb.

contingent on the happening of hypothetical future events"); *MT & M Gaming, Inc. v. City of Portland*, 274 Or. App. 100, 103, 360 P.3d 611, 613 (2015), *review allowed*, 358 Or. 529, 367 P.3d 529 (2016), *and aff'd*, 360 Or. 544, 383 P.3d 800 (2016) (plaintiff seeking injunction must allege "a controversy [involving] a dispute based on present facts rather than on contingent or hypothetical events").[12]  For all of these reasons, Plaintiff has failed to state a claim for violation of ORS § 659A.403.

**E.      Plaintiff Fails to State a Claim Because the Accommodations at Issue Are Not Places of Public Accommodation as Defined by the OPAA**

Plaintiff's Complaint fails for another fundamental reason.  As alleged in the Complaint, neither Airbnb nor any accommodation offered by a third-party host on Airbnb is a "place of public accommodation."  For that reason, they are not governed by the OPAA, and Plaintiff cannot state a claim thereunder.

The OPAA defines a "place of public accommodation" as "[a]ny place or service offering to the public accommodations, advantages, facilities or privileges whether in the nature of goods, services, lodgings, amusements, transportation or otherwise."  ORS § 659A.400(1)(a).  This definition explicitly excludes any "institution, bona fide club or place of accommodation that is in its nature distinctly private."  ORS § 659A.400(2)(e).  And that exclusion exactly describes the accommodations allegedly at issue here.

Airbnb operates an online home-sharing platform that allows people to list, browse, and book accommodations.  The accommodations are owned/operated by the third-party hosts (not Airbnb), and the hosts retain full discretion as to which guests are permitted to stay in the

---

[12] Although *Cummings* and *MT&M* discuss the elements required to state a claim under the Uniform Declaratory Judgments Act, the same elements are required to state a claim for injunctive relief under Oregon law.  *See, e.g., Morgan v. Sisters Sch. Dist. No. 6*, 353 Or. 189, 201-02, 301 P.3d 419, 426-27 (2013).

Page   14   -    DEFENDANT'S MOTION TO DISMISS

accommodations.[13]  *See* Compl. ¶¶ 5, 11-15.  Airbnb does not own, manage, control, or otherwise operate the accommodations, and it does not offer any accommodations or lodgings to its members.  *See id.* ¶ 5.  The accommodations, as described by Plaintiff in the Complaint, are "a spare room, basement or guest house."  *See id.* ¶¶ 5, 11-15.

       Airbnb does not meet the statutory definition of a "place of public accommodation" under the OPAA.  It does not offer any accommodations or lodgings, and the Complaint does not allege that *Airbnb* has made any distinction, discrimination or restriction on account of race. Moreover, the accommodations at issue are operated by third party hosts, and those third parties (not Airbnb) decide whether or not to accept guest booking requests.  These accommodations, therefore, are "distinctly private" and are expressly excluded from the definition of "place of public accommodation."  *See* ORS § 659A.400(2)(e); *see, e.g., Abukhalaf v. Morrison Child & Family Servs.*, No. CV 08-345-HU, 2009 WL 4067274, at *7 (D. Or. Nov. 20, 2009) (recruiter of foster parents was "not a public accommodation" because it "ultimately retain[ed] discretion as to which applicants are chosen"); *Vejo*, 204 F. Supp. 3d at 1167-68 (Lewis & Clark College's counselling program was selective and therefore not a place of public accommodation); *Schwenk v. Boy Scouts of Am.*, 275 Or. 327, 336, 551 P.2d 465 (1976) (Boy Scouts of America was not a public accommodation, at least with respect to girls, as membership was limited to boys).

---

[13] Airbnb forbids hosts from using this discretion to discriminate on the basis of race or other protected characteristics.  *See* Compl. ¶ 17.

## IV. CONCLUSION

For the reasons set forth above, Airbnb respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

DATED:  September 6, 2017.

STOEL RIVES LLP


*/s/ Reilley D. Keating*
JEREMY D. SACKS, OSB No. 994262
jeremy.sacks@stoel.com
REILLEY D. KEATING, OSB No. 073762
reilley.keating@stoel.com
TARYN K. WILLIAMS, OSB No. 165627
taryn.williams@stoel.com
KENNON SCOTT, OSB No. 144280
kennon.scott@stoel.com
Telephone:  503.224.3380

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2017, a copy of the foregoing document was filed electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means as reflected on the Notice of Filing.

*/s/ Reilley D. Keating*
Jeremy D. Sacks, OSB No. 994262
Jeremy.sacks@stoel.com
Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Taryn K. Williams, OSB No. 165627
taryn.williams@stoel.com
Kennon Scott, OSB No. 144280
kennon.scott@stoel.com

Attorneys for Defendant