**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
**Yoona Park**, OSB No. 077095
Email: ypark@stollberne.com
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Nicholas A. Kahl**, OSB No. 101145
Email: nick@nickkahl.com
NICK KAHL, LLC
209 SW Oak Street, Suite 400
Portland, OR 97204
Telephone: (971) 634-0829
Facsimile: (503) 227-6840

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICIA HARRINGTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AIRBNB, INC.,<br><br>        Defendant. | Case No. 3:17-cv-00558-YY<br><br>**PLAINTIFF'S OPPOSITION AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>ORAL ARGUMENT REQUESTED |

I.    INTRODUCTION

Airbnb asserts that the only way for a black Oregonian to suffer redressable harm in this case is for that person to suffer the indignity of being denied an Airbnb rental because she is black. That argument misses the entire purpose and intent of the Oregon Public Accommodation Act ("OPAA") (ORS § 659A.403 *et seq.*), which was enacted to address the real and systemic harms that are visited upon a society when businesses are permitted to maintain "separate but equal" accommodations for persons of color.

In making such an argument, Airbnb misses the point of the OPAA and continues to reveal a troublingly profound misunderstanding of the entire concept of racial discrimination. Blacks who are denied a rental on Airbnb's platform on account of their race undeniably suffer discrimination that is redressable under the OPAA. But the harm experienced by black Oregonians who are refused the right to access accommodations that are free of discrimination— here, Oregonians who are denied the right to access an Airbnb platform that offers the same pool of accommodations to blacks as it does to whites—is as real and as redressable as the harm felt by an Airbnb member who is actually denied a rental on the basis of her skin color.

Airbnb maintains a platform that provides "separate but equal" accommodations to blacks. In arguing that a black Oregonian who demands the right to access an accommodation that is free of discrimination and is refused that right has not suffered harm or injury, Defendant argues that it is OK to require blacks to enter Airbnb's platform through a different door than whites, and that it is permissible for Airbnb to tell blacks that it will require them to do so.

Airbnb's argument highlights the potential danger in narrowing the scope of anti-discrimination laws in the context of the Shared Economy, where individuals and companies

Page 1 -    **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

transact business with relative anonymity and increased freedom to act out hidden biases. Moreover, in failing to recognize the many ways in which "separate but equal" accommodations undermine the goals and aspirations of civil rights laws like the OPAA, Airbnb's argument underscores the urgent need for Plaintiff's requested injunction in this case. Plaintiff has adequately alleged that Airbnb is a provider of public accommodations as defined in the OPAA and that she has suffered injury that is redressable under the OPAA. Defendant's motion to dismiss ("Motion") should be denied.

Before the Court can even reach Defendant's motion, however, it must decide whether it has jurisdiction over this matter, because Defendant's own description of Plaintiff's injury calls into question whether Plaintiff suffered an "injury in fact" to support Article III standing. Consequently, Defendant has put the issue of whether this Court has jurisdiction over this matter squarely before the Court. Only if this Court determines that Plaintiff has Article III standing can the Court consider Defendant's Motion to Dismiss. If the Court determines that Plaintiff lacks standing, it has no authority to consider or rule on the merits of Defendant's motion, and must remand this case to state court.

**II.    THRESHOLD ISSUE: ARTICLE III STANDING**

In making the specific argument that Defendant makes in this case—that the Court must dismiss Plaintiff's OPAA claim because she has not suffered any injury—Airbnb has again placed squarely before the Court the issue of this Court's jurisdiction. This time, Defendant has raised the issue of whether the Court has jurisdiction of this case under Article III of the U.S. Constitution. Because Defendant argues that Plaintiff has not adequately alleged a cognizable injury under the OPAA, it necessarily follows that *in Defendant's view*, Plaintiff lacks standing

Page 2 -    **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

under Article III, which requires that a plaintiff suffer "injury in fact"—an invasion of a legally protected interest which is concrete, particularized, and actual or imminent. U.S. Constitution, Article III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016), *as revised* (May 24, 2016). If that were true, then without such "injury in fact" under Article III, the Court would lack jurisdiction over this entire case.

As the proponent of federal jurisdiction in this case, Defendant bears the burden of proving that jurisdiction is proper. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). If Defendant fails to prove that Plaintiff has Article III standing, then remand is required because the remand statute, 28 U.S.C. § 1447(c), applies equally to "the circumstance where the jurisdictional defect [is] constitutional[.]" *King v. King*, No. 3:16-CV-630-PK, 2016 WL 4940317, at *7 (D. Or. Sept. 14, 2016) (citing *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001)).

Furthermore, "[i]t is well established that where a plaintiff lacks constitutional standing to bring a claim, the federal courts lack jurisdiction to award relief on or to decide the merits of that claim." *King,* 2016 WL 4940317*,* at *5. If this Court lacks jurisdiction over this case, the Court has no power to render a substantive decision on Defendant's Motion to Dismiss, and, instead, the case must be remanded as required by the removal statute. 28 U.S.C. § 1447(c) ("If at any time before final judgment it <u>appears</u> that the district court lacks subject matter jurisdiction, *the case shall be remanded*") (emphasis added).

Before the Court can examine whether Plaintiff has articulated legal injury cognizable under the OPAA, Defendant must first explain, having raised the question of jurisdiction via its motion, how Plaintiff suffered an "injury in fact" to support Plaintiff's constitutional standing in

Page 3 -   **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

this case. Having argued that there is no injury for purposes of an OPAA claim—a factually incorrect argument—Defendant cannot at the same time argue that there *is* injury sufficient to support Article III standing. After all, if Plaintiff's injury is "far too remote and speculative" to be an injury, as a matter of law, under the OPAA (Motion, 13), how can that injury be "actual and imminent" under Article III? Similarly, if the discrimination alleged by Plaintiff is not "actual discrimination" under the OPAA (Motion, 4), how can Plaintiff have suffered the "concrete and particularized" injury required for Article III standing?

Again, as the proponent of federal jurisdiction in this case, Defendant bears the burden of proving that jurisdiction is proper. *Abrego Abrego,* 443 F.3d at 685. Therefore, in order to avoid mandatory remand of this case, it is incumbent upon Defendant to explain in its Reply how Plaintiff suffered an "injury in fact" such that Plaintiff has Article III standing, while simultaneously lacking the injury sufficient to sustain her OPAA claim. To remand this case, the Court need not determine that Article III standing does not exist. It only needs to determine that Defendant, as the proponent of federal jurisdiction, has not met its burden to demonstrate that Article III standing exists, because it has raised the question of jurisdiction by questioning Plaintiff's standing. When it "appears" that jurisdiction may not exist, a removed case must be remanded to state court. 28 U.S.C. § 1447(c).

As briefed below, Plaintiff has adequately stated injury and a claim under the OPAA, and Defendant's motion should be denied. Denial of Defendant's motion would result in no inconsistency—having adequately pled injury under the OPAA, the Court may conclude that Plaintiff has also necessarily established her "injury in fact" under Article III, supporting this Court's exercise of jurisdiction over this action and Defendant's motion. However, absent an

Page 4 -    **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

initial showing *by Defendant* that federal jurisdiction exists, the Court must remand the case without making any substantive decisions on the sufficiency of Plaintiff's pleading of harm under the OPAA.

### III.    RESPONSE TO MOTION TO DISMISS

#### A.    Legal Standard

On a motion to dismiss, the factual allegations in the complaint are presumed to be true and are viewed in the light most favorable to the non-moving party. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008). The court must "resolve all doubts in favor of the nonmoving party." *Sierra Club v. Portland General Elec. Co.*, 663 F. Supp. 2d 983, 986 (D. Or. 2009).

#### B.    The Oregon Public Accommodation Act Protects Oregonians from "Separate But Equal" Accommodations

The OPAA guarantees to all Oregonians "the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation without any distinction, discrimination or restriction on account of race" or other protected characteristics. ORS § 659A.403(1). The OPAA is a remedial statute, and to the extent the law is ambiguous, it "<u>should be interpreted liberally 'to promote the beneficial results intended'—i.e., the prevention of discrimination</u>." *Vejo v. Portland Public Schools*, 204 F. Supp. 3d 1149, 1171–72 (D. Or. 2016) (emphasis added).

*King v. Greyhound Lines*, a case inexplicably not cited by Defendant, is the seminal case in this area and discusses the "broad legislative purpose" behind the statute: "It is clear that the

Page 5 -    **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

general intent of the legislation…was to prevent 'operators and owners of businesses catering to the general public from subjecting Negroes to oppression and humiliation.'" *King v. Greyhound Lines, Inc.*, 61 Or. App. 197, 203 (1982) (citing *Schwenk v. Boy Scouts of America*, 275 Or. 327, 332 (1976)). In other words, although the OPAA is an "anti-discrimination" statute, humiliation and oppression caused by unequal treatment are the true bailiwicks of the OPAA. The OPAA was enacted not only to redress discrimination after Oregonians are victimized by it; the statute also serves to prohibit businesses offering services to the public from enacting policies that would result in discrimination.

The court in *Greyhound* recognized that while nominally an accommodation statute, the intent of the OPAA was less about guaranteeing lodgings or service and more about preventing the indignities faced by black Oregonians as they procured goods and services. In *Greyhound*, the black plaintiff attempted to obtain a refund for a ticket at a Greyhound ticket counter in Portland. In handling the request, the ticket clerk asked the plaintiff "Nigger, where did you get this ticket?" and told him "Now, boy, you get the person who purchased the ticket, and I'll be glad to refund it." *Greyhound*, 61 Or. App. at 200. Although the refund was eventually issued to the plaintiff, the *Greyhound* court recognized that the OPAA "encompasses more than the outright denials of service. It <u>also proscribes serving customers of one race in a manner different from those of another race</u>." *Id.* at 202 (emphasis added). In other words, the oppression and humiliation suffered by the plaintiff in *Greyhound* in receiving a different manner of service—not the loss of the commercial transaction itself—was actionable harm under the OPAA.

Page 6 -    **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

### C. Plaintiff Alleges Actual Injury Under the OPAA

On a motion to dismiss, the inquiry is whether Plaintiff alleges facts sufficient to support the claim alleged. Under Oregon law, an individual has a cause of action if a public accommodation makes "*any* distinction, discrimination or restriction on account of race, color, religion, sex, sexual orientation, national origin, marital status or age…" ORS § 659A.885(7) (emphasis added). Plaintiff alleges that Airbnb is a public accommodation that has refused Plaintiff access to an Airbnb platform that offers her the same experience and service as that offered to whites, and has thereby "made a distinction, discriminated, and imposed a restriction on plaintiff and all members of the class on account of race and/or color." Complaint, ¶ 26. Plaintiff further alleges that Airbnb's actions "caused and continue to cause injury" that is redressable under the OPAA. Complaint, ¶ 27. Plaintiff has met her burden at this early stage of the litigation in pleading her claim.

In making its motion, Airbnb seeks to narrow the scope of the OPAA to the point of rendering it toothless, while simultaneously mischaracterizing Plaintiff's allegations as allegations relating to potential/future harm. The Complaint alleges that Plaintiff has suffered current harm. The allegations in the Complaint could not be clearer in establishing that Plaintiff has already experienced the humiliation and indignity of being denied the right to access an Airbnb platform that does not discriminate against her on the basis of her skin color. In informing Plaintiff that the only iteration of its platform available to her is one that offers to blacks a subset of the offerings available to whites, Airbnb has subjected Plaintiff to oppression that is actionable harm under the OPAA.

Page 7 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Not one of the cases cited by Defendant supports its argument that discrimination is only actionable under the OPAA to the extent that such discrimination results in the denial of service on the basis of an immutable characteristic. In fact, each of the cases cited by Defendant actually supports Plaintiff's position that she has adequately pled her OPAA claim.

For example, in *Craig v. US Bancorp*, the black plaintiff was subjected to an hour-long wait and a "fraud" investigation when he attempted to cash a check at defendant bank. Even though the check was ultimately cashed, the Court denied defendant's motion to dismiss and held that plaintiff had adequately pleaded a claim under the OPAA because he alleged that he was harmed when he was treated differently because of his race. *Craig v. US Bancorp*, No. Civ. 03-1680-AA, 2004 WL 817149, at *4 (D. Or. Apr. 14, 2004). In holding that plaintiff's assertion that he had suffered "embarrassment, humiliation, anxiety, and pain and suffering" was sufficient to state a claim under ORS 659A.403, Judge Aiken wrote that "The *King* court recognized that the 'chief harm resulting from the practice of discrimination by establishments serving the general public is not the monetary loss of a commercial transaction or the inconvenience of limited access, but, rather, the greater evil of unequal treatment, which is the injury to an individual's sense of self-worth and personal integrity.'" *Id.* (citing *Greyhound*, 61 Or. App. at 202-203).

Similarly, in *Allen v. US Bancorp*, Judge Ashmanskas denied defendant's motion to dismiss because the plaintiff alleged that when he visited a teller window at defendant bank, "he was subjected to discriminatory treatment when he was asked to remove his sunglasses and his white counterparts were not, which resulted in him suffering embarrassment and humiliation." *Allen v. US Bancorp*, 264 F. Supp. 2d 945, 954 (D. Or. 2003). Those allegations were "sufficient

Page 8 -   **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

to state a claim" under the OPAA.  *Id.*  As for the *Gaines* case that Defendant finds to be "particularly instructive," the court decided in a very different procedural posture (on a motion for summary judgment) that there was "no evidence" in the record that the plaintiff was treated differently on account of her race.  *Gaines v. Nordstrom, Inc.*, No. 05-CV-689-PK, 2006 WL 2711779, at *7 (D. Or. Sept. 19, 2006).  Although Airbnb has acknowledged discrimination on its platform and has refused to alter the policies that allow the discrimination to take place, the issue here is not whether Plaintiff can *prove* her claim, it is whether she has adequately stated it.

At its core, Airbnb's argument rests on the faulty premise that being humiliated at a teller window or at a bus station on the basis of one's skin color is distinguishable, for purposes of the OPAA, from the harm suffered by a black person who is told that she can only access an accommodation on a different and lesser basis than is available to whites.  In other words, Airbnb attempts to distinguish between a plaintiff who is asked to remove her sunglasses at a teller window on the basis that she is black, and a plaintiff who sees a sign hanging on the bank door that says "If you are black, you will be asked to remove your sunglasses" and chooses not to enter.  Put another way, Airbnb argues that a black person who wishes to bank at that branch but sees such a sign on the bank door has to enter that door and actually take off her sunglasses at a teller window in order to feel the humiliation and oppression of discrimination.  That is an offensive distinction to anyone who has ever felt the indignity of being treated differently on the basis of the color of their skin; on the basis of their gender; on the basis of any characteristic that is immutably theirs.  And more importantly, for purposes of Defendant's motion, it is a distinction that is unsupported by the plain language of the OPAA, the body of case law analyzing the statute, or the allegations in the Complaint.

Page 9 -   **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

There is no distinction between the plaintiffs in *Greyhound*, *Craig*, and *Allen* and the plaintiff in this case for purposes of the OPAA. Plaintiff, in being told that she cannot access an Airbnb platform that offers her 100% of the rentals that are offered to whites, has already suffered the "embarrassment, humiliation, anxiety, and pain and suffering" of unequal accommodation by Airbnb. The sign on Airbnb's door says that if Plaintiff comes through the door, she will only have access to 84% of the rentals that are available to whites, and Plaintiff has alleged that Defendant is not prepared to change the policies that allow such disparate treatment to occur. Having seen the sign, having asked Airbnb to remove it, and having been denied by Airbnb, Plaintiff has already suffered the discrimination. Plaintiff need not suffer the added humiliation of signing up for Airbnb's discriminatory platform and actually being denied a rental on the basis of her race in order to seek redress under the OPAA.

The harm resulting from unequal treatment, so powerfully outlined in *Greyhound* and reiterated in *Vejo*, *Craig*, *Allen*, *Gaines,* and other cases cited by Defendant, is what the OPAA, and this case, is all about. Plaintiff has suffered the full sting of discrimination and has adequately pleaded her OPAA claim.

### D. Plaintiff Has Met Her Pleading Burden in Alleging that Airbnb is a Public Accommodation

On a Rule 12(b)(6) motion, the sole inquiry is whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. ("FRCP") 12(b)(6). Under Oregon law, "public accommodation" includes "[a]ny place or service offering to the public accommodations, advantages, facilities or privileges whether in the nature of goods, services, lodgings, amusements, transportation or otherwise." ORS § 659A.400. Legislative history indicates that

Page 10 -  **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

the definition of "public accommodation" was "intended to be a broad one and to apply to all types of businesses which offer goods and/or services to the public." *Schwenk*, 275 Or. at 335 (citing Oregon Bureau of Labor summary of the OPAA, entitled "House Bill 2116-1973 Amendments to Laws Against Discrimination").

Plaintiff alleges that Airbnb's platform posts over 2,000,000 listings for lodgings worldwide, and provides access to would-be guests who log in to the site using a member profile. Complaint, ¶ 10. Plaintiff alleges that all persons who wish to rent or rent out an Airbnb lodging must do so through Airbnb's platform. *Id.*, ¶ 9. Plaintiff alleges that all booking requests for Airbnb lodgings are transacted through Airbnb's platform. *Id.*, ¶¶ 11-14. Simply put, without Airbnb's website, there would be no Airbnb accommodations. Airbnb is a "place of public accommodation" because it is a service offering to the public accommodations, advantages, facilities or privileges in, at least, the nature of services and lodgings. *Id.*, ¶ 4. Plaintiff has met her pleading burden in alleging that Defendant is a public accommodation under the OPAA.

Although it is unclear whether Airbnb, in arguing that it is subject to the exclusion for accommodations that are distinctly private in nature, is referring to Airbnb itself or to the individual hosts, the issue of whether Airbnb is subject to the exclusion in ORS § 659A.400(2)(e) is not properly raised on a motion to dismiss as justification for dismissal of Plaintiff's OPAA claim. In fact, to the extent Defendant raises new facts in support of its argument that it is subject to the exclusion, including the assertion that Airbnb "does not own, manage, control, or otherwise operate the accommodations" or that "third parties (not Airbnb) decide whether or not to accept guest booking requests" (Motion, 15), Defendant's motion raises questions of fact and converts its FRCP 12(b)(6) motion into one for summary judgment, and

Page 11 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff is entitled to discovery on the issue. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (court properly converted motions to dismiss to motion for summary judgment in considering matters outside the pleadings); FRCP 12(d). On a Rule 12(b)(6) motion, the Court may consider "only the pleadings themselves, exhibits that are physically attached to the complaint or counterclaim, and matters of which the court may take judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam).

If the Court finds that a determination regarding the applicability of the private club exclusion is necessary to determine whether Plaintiff has met her pleading burden on whether or not Airbnb is a public accommodation, Plaintiff requests that the Court stay a ruling on Defendant's motion pending a "reasonable opportunity to present all the material that is pertinent" to the issue. FRCP 12(d).

### E. According to Defendant, Airbnb Is Untouchable and Could Never Be Liable for Discrimination Under the OPAA

Airbnb alleges that it is not a public accommodation under the OPAA although it provides to the public, among other things, services in the nature of lodging. Further, Airbnb alleges that even if it was a public accommodation under the statute, the only way it could be liable to Plaintiff under the OPAA is if Plaintiff suffered a provably discrimination-based denial of service on Airbnb's website. Motion, 13.

Airbnb's astoundingly narrow view of discrimination is made crystal clear in its motion. In Airbnb's own words, the only way to suffer discrimination is for Plaintiff to 1) join Airbnb, 2) create a profile that reveals her race, 3) request a booking, and 4) be refused that booking on the basis of her race. *Id*. Even then, Airbnb questions whether it could ever be liable for discrimination. *Id.*, n.11. Thus, according to Airbnb, the only way Plaintiff can be discriminated

Page 12 -  **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

against is to have a door slammed in her face while being told that the door is being slammed in her face because she is black.

Further, should that door be slammed, Airbnb suggests that an adequate fix for such oppression is for a "dedicated team" to work with Plaintiff to secure a booking at "a similar listing." Not the listing Plaintiff wanted originally—the listing presumably only available to whites—but a "similar" one. Regrettably for a company that espouses "inclusion" as its central mission, Airbnb fails to understand that by offering to Plaintiff a different set of options than it offers whites, it has already excluded and oppressed her.

By contrast, Plaintiff's view of discrimination, and the legislature's view of discrimination in enacting the OPAA, is that blacks suffer discrimination when they experience the indignity of being offered a service or accommodation that is different than what is offered to whites. That interpretation of the OPAA is borne out by *Greyhound* and the line of cases following it, which focus not on the "monetary loss of a commercial transaction" but on "the greater evil of unequal treatment." *Greyhound*, 61 Or. App. at 202-03. The discrimination alleged here is not potential or "prospective." Motion, 9. It is actual, has already occurred, and will continue to occur daily to every black Oregonian until Plaintiff's requested injunction issues.

Although Airbnb concedes that measurable discrimination has occurred and continues to occur on its platform, the company—a simple "online home-sharing platform" (Motion, 14) whose revenues are projected to reach $2.8 billion in 2017—asserts that the only party who could ever be liable under the OPAA for discrimination is one who tells a would-be customer "I am denying you [the requested service] on the basis that you are black/gay/female/disabled." Such an interpretation of the OPAA guts the statute and renders it meaningless in the present

Page 13 -   **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

day, where huge multinational companies like Airbnb and Uber provide goods and services to the public through virtual platforms and enact policies that simultaneously allow individuals to act out hidden biases based on race and other immutable characteristics without shame or consequence. The OPAA exists to protect individuals like Plaintiff from unequal treatment in negotiating the business of everyday life. Plaintiff's inability to access a non-discriminatory Airbnb platform, the same one available to whites, is real and present injury for which Airbnb is liable under the OPAA.

**IV.    CONCLUSION**

Although Airbnb concedes that it discriminates, it argues that it is untouchable under the OPAA. Plaintiff has suffered discrimination because she has been told by Airbnb that she is "welcome" to join a platform that will offer her 84% of the rentals available to whites, but that if she chooses not to join that platform, she cannot use Airbnb at all. By analogy, Plaintiff has been told that she is welcome to enter the bank, but that she will be required to remove her sunglasses at the teller window, when white guests will not have to do so. Airbnb claims that, because she has not submitted to the additional humiliation of walking through the bank door and being asked to remove her sunglasses, Plaintiff has not suffered actionable discrimination. But in being offered a different manner of service, Plaintiff has suffered the humiliation and oppression of being told by Airbnb that she is entitled to something <u>less</u> or <u>other</u> because she is black. Plaintiff has adequately pled her cause of action for violation of the OPAA.

Airbnb states that "Airbnb's action to address discrimination does not and should not mean that it has thereby opened itself up to legal liability." Motion, 2. But neither do Airbnb's ineffectual efforts to "address discrimination"—namely, the production of a report recognizing

Page 14 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

that discrimination occurs on the Airbnb platform and the institution of a wholly unenforceable pledge by members not to discriminate—protect or insulate the company from legal liability. For all of the foregoing reasons, if the Court decides that it has jurisdiction over this matter, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.  Alternatively, if the Court decides that it even *appears* that this Court may lack jurisdiction over this matter—as Defendant implicitly argues—it must remand the case back to state court as required by 28 U.S.C. § 1447(c).

DATED this 20th day of September, 2017.

        STOLL STOLL BERNE LOKTING
        & SHLACHTER P.C.


By: s/Yoona Park
    **Joshua L. Ross**, OSB No. 034387
    **Yoona Park**, OSB No. 077095

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Email:      jross@stollberne.com
            ypark@stollberne.com

-AND-

**Nicholas A. Kahl**, OSB No. 101145
NICK KAHL LLC
209 SW Oak Street, Suite 400
Portland, OR 97204
Telephone:  (971) 634-0829
Email:      nick@nickkahl.com

**Attorneys for Plaintiff**

Page 15 -  **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840