UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICIA HARRINGTON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 3:17-cv-00558-YY |
| v. | ORDER |
| AIRBNB, INC., | |
| Defendant. | |

YOU, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Patricia Harrington ("Harrington") originally filed this case in Multnomah County Circuit Court against defendant, Airbnb, Inc. ("Airbnb"), on March 6, 2017. Airbnb operates an online platform that allows "hosts," consisting of Airbnb users who wish to offer accommodations, to connect with and rent to prospective "guests," who are Airbnb users seeking to book those accommodations on a short-term basis. Hosts post listings on the Airbnb webpage, offering guests the opportunity to stay in a variety of accommodations around the world, from shared spaces to entire homes. Airbnb has members and listings in 35,000 cities around the world, including cities throughout Oregon.

1 – ORDER

Harrington contends that discriminatory Airbnb hosts regularly take advantage of Airbnb's booking policies to deny booking requests from prospective guests on account of protected characteristics, including race, in violation of Oregon's statutory prohibition of unlawful discrimination in public accommodations, ORS 659A.403.

On April 7, 2017, Airbnb filed a Notice of Removal to this court (ECF #1), alleging jurisdiction under 28 U.S.C. §§ 1332(a) and 1332(d). Harrington then filed a Motion to Remand (ECF #12). This court denied that motion. Order (ECF #25), adopting Findings and Recommendation (ECF #23). Now before me is Airbnb's request to stay discovery.

## **REQUEST TO STAY DISCOVERY**

The parties are locked in a dispute over whether this case must be dismissed or remanded to state court. Airbnb argues for dismissal, and in response, Harrington argues for remand based on the argument that Airbnb's motion essentially raises the question of Article III standing. Motion to Dismiss (ECF #30); Response in Opposition to Motion to Dismiss (ECF #32). Harrington asserts that the premise of Airbnb's motion is that she lacks an injury-in-fact and, therefore, has no Article III standing and, if Airbnb is correct, then this court must remand this case to state court.

In a Joint Submission Regarding the Stay of Discovery ("Joint Submission," submitted to this court via email), Airbnb seeks a stay of discovery pending a ruling on its motion to dismiss. Harrington opposes that request and contends that, at a minimum, she should be allowed jurisdictional discovery. Disposition of the request for a stay of discovery rests on a number of factors, and this court concludes that the relevant factors weigh in favor of granting Airbnb's request. First, Airbnb's motion and Harrington's response raise issues of law, do not appear to turn on factual issues on which discovery is sought, and potentially will dispose of this case

either by dismissal or remand to state court.  Second, this case is a class action raising potentially complex issues on which there is little guidance.  Third, no defenses, counterclaims, or cross-claims have yet been asserted.  Fourth, the likely extent of discovery is far-reaching as it involves inquiry into bookings across Airbnb's worldwide platform.  Under the cases cited in the parties' Joint Submission, these factors militate in favor of a stay of discovery.

As for Harrington's request for limited discovery, the avenues of jurisdictional discovery requested by Harrington would not further resolution of the pending motion to dismiss.  Instead, all the identified areas of jurisdictional inquiry go to the issue of amount in controversy, rather than to what may prove to be the critical issue disposing of this case in this court, namely whether plaintiff has established an injury-in-fact for purposes of Article III.  Joint Submission, Ex. 1, p. 1.  That discovery will be moot if this case is dismissed or remanded to state court as a result of the pending motion to dismiss.

## ORDER

Based on the above, Airbnb's request for a stay of discovery is GRANTED and discovery is STAYED pending a final ruling on Airbnb's pending Motion to Dismiss (ECF #30).

DATED  September 22, 2017.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

3 – ORDER