# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PATRICIA HARRINGTON, individually and on behalf of all others similarly situated**,<br><br>Plaintiff,<br><br>v.<br><br>**AIRBNB, INC.**,<br><br>Defendant. | Case No. 3:17-cv-558-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee You issued Findings and Recommendation ("F&R") in this case on January 25, 2018. ECF 37. Judge You recommended that Defendant's motion to dismiss be granted, and the complaint dismissed with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 39) to which Defendant responded. ECF 40. Plaintiff objects to the portion of Judge You's F&R finding that Plaintiff lacks statutory standing to bring a claim under ORS § 659A.885(7). The F&R found that ORS § 659A.885(7) authorizes claims only for those who have already suffered discrimination, and does not authorize claims for anticipatory discrimination. Because Plaintiff has never been a member of Airbnb, the F&R found, she does not allege that she has experienced discrimination and thus does not have standing to bring a claim.

Plaintiff does not dispute that the statute allows claims only for past discrimination, but argues that she has alleged past discrimination. Through her attorney, Plaintiff requested access to Airbnb's platform, but said that she would join as a member only if Airbnb made certain changes to its booking policies that would allow her to access the services free from racial discrimination. When Airbnb refused to make these policy changes, Plaintiff argues, it denied

Plaintiff—a Black Oregonian—access to its platform on the same terms as white members. Plaintiff maintains that this refusal to permit Black potential Airbnb members to access its platform on the same terms as white members is a violation of ORS § 659A.885(7).

It is not obvious that this theory of past discrimination is the one alleged in Plaintiff's complaint. Nevertheless, such allegations are insufficient to state a cognizable claim under ORS § 659A.885(7). The Oregon Public Accommodations Act (OPAA) bars the denial of equal accommodations when that denial is made "on account of" the protected characteristic or status. ORS § 659A.403; *see also Klein v. Oregon Bureau of Labor and Industries*, 289 Or. App. 507, 519 (2017). In other words, the OPAA is a "discriminatory intent" statute, not a "discriminatory effect" statute. *See id.* Plaintiff's allegations may be sufficient to allege that Airbnb's refusal to change its policies has the effect of denying would-be Black members access to its services on terms equal to those of white members. Plaintiff's allegations do not, however, show that Airbnb refused to change its booking policies because of Plaintiff's race, as discriminatory intent statutes require.

Plaintiff compares the facts of this case to a hypothetical situation where a restaurant posts a sign its window that it reserves the right to not serve Black customers, and then refuses to change that policy. Plaintiff argues that in such a hypothetical, and in the case at hand, the refusal to change the discriminatory policies is sufficient to give rise to a claim for discrimination, and that plaintiffs should not be required to subject themselves to a humiliating denial of service before they can bring a claim.

In such cases, the announcement of an intentionally discriminatory policy may be discriminatory against potential customers of that public accommodation, even if those customers have not yet attempted or engaged in a transaction with the accommodation. In *Allen*

*v. US Bancorp*, which Plaintiff cites, the defendant bank behaved in a discriminatory way when it asked the Black plaintiff to remove his sunglasses while waiting in line, but did not ask white customers waiting in line to remove their sunglasses. 264 F. Supp. 2d 945, 954 (D. Or. 2003). Even though the plaintiff had not yet engaged in a transaction with the bank, and ultimately did successfully engage in a transaction, the behavior was discriminatory because the customer was subject to a different manner of service on account of his race. *Id.* If the bank announced a policy of requiring Black customers to remove their sunglasses before the Plaintiff even entered the bank, that, too, would likely be discriminatory.

The hypothetical cases described above may raise difficult questions about which classes of potential customers are actually injured by the announcement of discriminatory policies. Such questions, however are not raised in this case. The hypothetical sunglasses policy and the hypothetical window sign are *intentionally* discriminatory policies. So too, presumably, would be the bank and restaurant's refusal to change those policies. Plaintiff in this case makes no allegations that Airbnb refused to change its booking policies on account of her race, or that the Airbnb's booking policies were implemented intentionally to deny equal access to the platform on account of certain customers' race. Rather, Plaintiff alleges that Airbnb's booking policies "*allow* hosts to deny requests from prospective guests for any reason, including 'on account of race,'" and that they "*result in* unequal treatment to African-Americans." (emphasis added). Allegations that policies "allow" or "result in" discrimination may form the basis of a discriminatory effect claim, but are insufficient for a cognizable claim under an anti-discrimination statute that requires a showing of discriminatory intent, as does the OPAA. It may be possible, however, for Plaintiff to cure these deficiencies in an amended leading. Dismissal with prejudice, therefore, is not appropriate at this time.

Plaintiff also argues that if, as Judge You found, Plaintiff does not have statutory standing to bring her claim, then she also lacks Article III standing and the proper remedy is not to dismiss her claim, but to remand it to state court. The Court agrees with Judge You's reasoning and conclusions in the F&R addressing the distinctions between statutory and Article III standing. Moreover, Plaintiff has alleged "concrete and particularized" injury, as is required for Article III standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff alleges that, because Airbnb refused to change its policies, she has been denied access to its platform free from discrimination. Denial of access to a public accommodation on equal terms is an injury sufficient to establish Article III standing. Defendant's alleged actions, however, do not violate ORS § 659A.403.

The Court **ADOPTS** Judge You's Findings and Recommendations, in part and as supplemented herein. Defendant's Motion to Dismiss (ECF 30) is GRANTED. Plaintiff may file an amended complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

DATED this 13th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge