IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PATRICIA HARRINGTON, EBONY PRICE,** and **CARLOTTA FRANKLIN,** individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **AIRBNB, INC.,** <br><br> Defendant. | Case No. 3:17-cv-558-YY <br><br> **OPINION AND ORDER** |

Nicholas A. Kahl, NICK KAHL, LLC, 209 SW Oak Street, Suite 400, Portland, OR 97204; Joshua L. Ross and Yoona Park, STOLL STOLL BERNE LOKTING & SHLACHTER PC, 209 SW Oak Street, Suite 500, Portland, OR 97204. Of Attorneys for Plaintiffs.

Jeremy D. Sacks, Reilley D. Keating, Taryn K. Williams, and Kennon Scott, STOEL RIVES LLP, 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

After hearing from the parties on Defendant's motion to dismiss Plaintiffs' putative class action complaint, United States Magistrate Judge Youlee You issued her Findings and Recommendation ("F&R"). Judge You recommended that the Court dismiss the original complaint with leave to file an amended pleading. The Court adopted in part Judge You's F&R, and Plaintiffs filed their first amended complaint ("FAC"). Defendant then moved to dismiss the

PAGE 1 – OPINION AND ORDER

FAC with prejudice, and Judge You issued an F&R recommending that the motion be granted without leave to file a second amended complaint. Judge You concluded that the FAC did not allege facts sufficient to show that Defendant acted with discriminatory intent, which is required to state a claim under the Oregon Public Accommodations Act ("OPAA"). *See* Or. Rev. Stat. §§ 659A.403, 659A.885(7). Because Judge You concluded that Plaintiffs did not adequately allege discriminatory intent, she did not reach the question of whether Defendant's business is a place of public accommodation, which is also required to state a claim under the OPAA. Plaintiffs timely objected to the entirety of the F&R concerning the FAC. After de novo review,[1] the Court ADOPTS IN PART AND REJECTS IN PART the F&R at issue and DENIES Defendant's motion to dismiss Plaintiffs' FAC.

## BACKGROUND

Defendant Airbnb, Inc. ("Airbnb") is a Delaware corporation, headquartered in California. Charging various fees for its services, Airbnb operates an online platform that connects people looking to rent out their homes (or rooms in their homes) with people looking for accommodations for either lodging or tourism experiences. Airbnb does not own any of the properties that it lists for rent. Instead, it charges fees for processing each transaction (often to both sides of a rental relationship), as well as for providing advertising. In 2016, Airbnb's online platform (consisting of websites and mobile apps) served more than 300,000 renters in Portland.

A person offering to rent out a room in his or her home (or offering to rent his or her home) through Airbnb is referred to as a "host." A host must be registered with Airbnb as a

---

[1] Under the Federal Magistrates Act, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

"member." Travelers who rent rooms or homes from a host using the Airbnb online platform are referred to as "guests." Although anyone can search the Airbnb database of more than two million properties worldwide, to contact a host online and request a reservation and make a booking, a prospective guest also must be a member of Airbnb, which requires the prospective guest to have an account and profile with Airbnb. Airbnb requires each member's profile to include, among other things, a photograph of the member's face and the member's full name. When a prospective guest sends a request to a host to reserve or book an accommodation listed on the Airbnb online platform, Airbnb sends information to the host about the prospective guest, including the prospective guest's photograph and full name. Although some Airbnb hosts may elect to participate in Airbnb's "instant booking" feature,[2] most hosts require that a prospective guest first request a booking and be approved by the host before the booking transaction may be completed by Airbnb. Many hosts elect to receive booking requests only from prospective guests whose profile includes a photograph. Airbnb would then send the booking request to the host, who reviews the prospective guest's name and photograph. After reviewing the name and photograph, along with other information, the host may confirm, reject, or simply not respond to the request. If a host does not timely respond, the request automatically expires.

Because Airbnb allows hosts to view the photograph and name of a prospective guest before deciding whether to accept or deny a booking request from that prospective guest, a host can deny a booking request for any reason, including the race or color of a prospective guest. Airbnb is aware that some hosts refuse to rent accommodations to prospective guests on the basis of race or color. Airbnb is also aware that African-Americans are less likely to be confirmed for

---

[2] If a host has opted into the instant booking feature, a prospective guest may immediately book an accommodation that is available on the dates requested by the guest without needing to wait for the host's approval.

booking as guests on Airbnb's online platform than are persons who are not African-Americans. Because some hosts refuse to rent accommodations to African-Americans, some accommodations listed on Airbnb's online platform are unavailable to African-American travelers. African-Americans, thus, do not have full and equal access to the accommodations and services offered on Airbnb's online platform.

Airbnb does not dispute that some Airbnb hosts engage in racially discriminatory conduct. Airbnb asserts that it takes seriously the problem of racial discrimination on its online platform. Nonetheless, Airbnb has continued to maintain its policy of allowing hosts to wait to make a booking decision until after the host has seen the prospective guest's photograph, which discloses the race or color of the prospective guest. Airbnb explains that requiring a prospective guest to include a photograph of his or her face allows a host to learn more information about the prospective guest before deciding whether to accept a booking request from that person. Airbnb states that viewing a photograph of a prospective guest before accepting a booking allows a host to conclude that a guest is "reliable, authentic, and committed to the spirit of Airbnb."

Plaintiffs in this putative class action are African-American women who reside in Oregon and wish to become members of Airbnb and use the services of Airbnb's online platform without being subject to racial discrimination.[3] Plaintiffs, however, are only willing to join Airbnb if they will be able to take full advantage of the accommodations offered on the Airbnb online platform without the risk of racial discrimination based on the inclusion of a guest's photograph.

Before filing this lawsuit, Ms. Harrington wrote a letter to Airbnb requesting that it change its policies so that all accommodations on its online platform may be available to all

---

[3] After commencing this lawsuit, Plaintiff Patricia Harrington passed away. Plaintiffs Carlotta Franklin and Ebony Price continue to prosecute this action. The personal representative of Ms. Harrington's estate has not yet requested substitution. *See* Or. Rev. Stat. § 659A.001(9); *Weeg ex rel. Weeg v. Ortiz & Assocs., Inc.*, 556 F. Supp. 2d 1188, 1189 (D. Or. 2008).

prospective guests regardless of race or color. Ms. Harrington specifically asked Airbnb to change its policy that allows a host to wait to confirm a booking until after the host has seen the full name and photograph of a prospective guest. She expressly asked Airbnb not to provide information to hosts before accepting a reservation or confirming a booking from a prospective guest that would reveal statutorily-protected immutable characteristics, like race. Airbnb denied the request to change its policy, but offered to assist Ms. Harrington in securing alternative accommodations if she ever were discriminated against by an Airbnb host. Airbnb also promised to investigate any reported claims of racial discrimination and take appropriate action.

## LEGAL STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

PAGE 5 – OPINION AND ORDER

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## DISCUSSION

### A. Oregon Public Accommodations Act

Consistent with the Court's earlier opinion adopting a previous F&R, Judge You concluded that a violation of the OPAA requires proof of discriminatory intent, and not merely a discriminatory effect. Although Plaintiffs argue that the Court should reconsider its earlier conclusion that the OPAA is a "discriminatory intent" statute, as opposed to a "discriminatory effect" law, the Court declines to do so. The Court's conclusion tracks both the plain text of the statute and the case law interpreting it. *See* Or. Rev. Stat. § 659A.403 (prohibiting discrimination "on account of" protected characteristics); *Menchu v. Legacy Health*, 2014 WL 2855042, at *5 (D. Or. June 23, 2014) ("Each of Menchu's five discrimination claims requires proof of intentional discrimination."); *Klein v. Or. Bureau of Labor & Indus.*, 289 Or. App. 507, 518-20 (2017) (holding that discrimination must be "because of" or "by reason of" a protected characteristic). Thus, to proceed on a claim of racial discrimination under the OPAA, Plaintiffs must allege facts sufficient to show that Airbnb intended to deny African-Americans full and equal access to the accommodations and services available on its online platform.

## B. Plaintiffs Allegations of Discriminatory Intent

Although Plaintiffs must allege discriminatory intent in a non-conclusory fashion, circumstantial evidence can be sufficient. *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1140-41 (9th Cir. 2006) (noting that, while direct evidence of racial discrimination could support a finding of discriminatory intent, it is not required, and circumstantial evidence alone may be sufficient). At the summary judgment stage, courts in the Ninth Circuit use the *McDonnell Douglas* burden-shifting methodology to analyze claims of intentional discrimination, even when a discrimination claim arises under state law. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001); *Menchu*, 2014 WL 2855042, at *5-6; *Yoakum v. Wells Fargo Bank, Nat'l Ass'n*, 2011 WL 1541285, at *7 (D. Or. Mar. 30, 2011); *Williams v. Thant Co.*, 2004 WL 1397554, at *2 (D. Or. June 22, 2004). The OPAA proscribes not just a refusal to serve a person on account of that person's race, but also "the greater evil of unequal treatment, which is the injury to an individual's sense of self-worth and personal integrity." *King v. Greyhound Lines*, 61 Or. App. 197, 203 (1982). At the motion to dismiss stage, Plaintiffs need only to show a prima facie case of discrimination. To state a prima facie case under the OPAA, a plaintiff must allege that the she was treated unequally because of her race and that she has been injured as a result. *See Allen v. U.S. Bancorp*, 264 F. Supp. 2d 945, 954 (D. Or. 2003), *adopting in part findings and recommendation*; *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 350 (5th Cir. 2008) (finding prima facie case of racial discrimination under Title II of the Civil Rights Act, 42 U.S.C. § 2000a).

Plaintiffs allege that Airbnb acted with discriminatory intent when it devised and chose to maintain its mandatory photograph policy, even after Airbnb became aware that its policy was leading to racial discrimination on its platform. This allegation sufficiently pleads that Airbnb intentionally makes many of the accommodations listed on its online platform unavailable to

PAGE 7 – OPINION AND ORDER

Plaintiffs and others on account of their race by maintaining policies that enable hosts to refuse service to prospective guests who are African-American. Because African-Americans do not have full and equal access to all the accommodations on the Airbnb online platform to which persons who are not African-Americans have access, Plaintiffs have plausibly alleged that they are being treated differently than prospective guests who use the Airbnb online platform but are not African-Americans.

Defendants argue that Plaintiffs have not alleged sufficient facts to show that Airbnb acted with the requisite discriminatory intent. In pleading discriminatory intent on the part of Airbnb, however, Plaintiffs also allege that Airbnb's proffered reason for maintaining its photograph policy— that it tells a host whether a prospective guest is "reliable, authentic, and committed to the spirit of Airbnb"— is a pretext for discriminatory motive. Plaintiffs allege that a photograph of a prospective guest's face reveals nothing meaningful about whether that person is "reliable, authentic, and committed to the spirit of Airbnb." Because Airbnb's proffered race-neutral reason for the challenged policy plausibly is a sham designed to conceal discriminatory motive, Plaintiffs have adequately pleaded circumstantial evidence of discriminatory intent.

Defendant narrowly reads Plaintiffs' FAC as arguing only that Airbnb's discriminatory intent can be inferred from Airbnb's awareness that hosts are taking advantage of the photograph policy to discriminate on the basis of race. As explained by Defendant, merely knowing that a policy has discriminatory effects does not constitute discriminatory intent. *See Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). In *Wood*, the Ninth Circuit affirmed the dismissal of the complaint on the grounds that "knowledge of [the challenged policy's] discriminatory effects" did not adequately allege disparate treatment (or discriminatory intent) under Title VII. *Id.*

Plaintiffs, however, allege more than just Airbnb's knowledge of the discriminatory effects of its policies and that Airbnb is aware of the racial discrimination practiced on its platform. Plaintiffs also allege that when Airbnb repeatedly reaffirmed and recommitted to its mandatory photograph policy, Airbnb made a calculated decision that it was not only willing to tolerate racial discrimination on its online platform rather than risk losing potential hosts and potential revenues, but it was also intentionally enabling, and thus furthering, racial discrimination. Airbnb knows that some of its hosts discriminate on the basis of race. Yet, with that knowledge, Airbnb has designed, imposed, and recommitted to features (specifically, its mandatory photograph policy) that, Plaintiffs allege, enables racial discrimination, in order not to lose the business of hosts who seek to discriminate on the basis of race or color.

Evidence that Airbnb's proffered reason for its challenged mandatory photograph policy is pretextual, as Plaintiffs allege, is circumstantial evidence that the underlying motivation is discriminatory. *See Lindsey*, 447 F.3d at 1148. A plaintiff can prove pretext by "showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable." *Chuang v. Univ. of Cal. Davis Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000) (quoting *Goodwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)). Further, a "plaintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting the prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the [actor's] proffered reasons." *Id*. (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146 (2000)).

Thus, a plaintiff can survive a motion to dismiss by plausibly alleging that the actor's proffered reason for its allegedly discriminatory policy is unworthy of credence. *See Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009) (noting that "very little evidence is

necessary to raise a genuine issue of fact regarding an employer's motive" at the summary judgment stage) (quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004)). Plaintiffs have sufficiently alleged that Airbnb's mandatory photograph policy does not provide any meaningful information from which an Airbnb host can learn whether a prospective guest is "reliable, authentic, or committed to the spirit of Airbnb."

Plaintiffs allege that a photograph of a person's face does not reveal the legitimate information that Airbnb claims it does. Looking at a photograph of a person's face reveals no meaningful information about whether that person is "reliable, authentic, or committed to the spirit of Airbnb." What Airbnb's mandatory photograph policy does do, however, is reveal a prospective guest's race or color, thereby giving a host the ability to deny a request from a prospective guest on account of race or color. Plaintiffs have sufficiently alleged that it is plausible that Airbnb's policy of allowing hosts to review a prospective guest's photograph *before booking*, rather than after, primarily serves to enable and facilitate racial discrimination. Because Plaintiffs have plausibly alleged that the proffered reason for the mandatory photograph policy is a pretext designed to enable and shield discriminatory motive, Plaintiffs have alleged that Airbnb acted with discriminatory intent sufficient to state a claim under the OPAA.

At this stage of the litigation, Plaintiffs' well-pleaded allegations are presumed true and must be viewed in the light most favorable to Plaintiffs. Defendants argue that the Court should ignore these allegations under *Iqbal* as merely conclusory and non-factual. *Iqbal*, 556 U.S. at 678-79. Plaintiffs' allegation, however, that a photograph does not in fact reveal any meaningful information about whether a prospective guest is "reliable, authentic, and committed to the spirit of Airbnb" is not a legal conclusion or a non-factual conclusory allegation of the kind that *Iqbal* advises a court to disregard. Instead, it is a factual assertion about the kind of

information that a photograph of a person's face does or does not reveal. The FAC alleges that providing hosts with a photograph of a prospective guest's face *before* the host decides whether to accept the guest's booking request is a policy intended to enable and facilitate racial discrimination. At this stage of the lawsuit, Plaintiffs' allegation that the proffered reason for Airbnb's photograph policy is pretext designed to enable racial discrimination on the Airbnb online platform must be accepted as true. *See Iqbal*, 556 U.S. at 678-79.

The facts giving rise to an inference of discriminatory intent are not significantly different from the facts alleged in *Williams v. Thant Co.*, another case brought under the OPAA. *See* 2004 WL 1397554, at *1. In *Williams*, Plaintiffs were African-American men who had been denied entry into a nightclub. *Id.* The nightclub maintained a racially-neutral "no-baggy-pants" policy, but Plaintiffs alleged that the policy was a pretext for discrimination against African-Americans. *Id.* at *2. Bouncers at the entrance to the club checked the "bagginess" of a prospective patron's pants using the bouncers' hands as a measurement, and the bouncers then made a determination whether to refuse service. *Id*. The defendants in that case, the club owners, devised, implemented, and maintained the policy. *Id.* at *3. Denying the defendants' motion for summary judgment, the district court held that there was a triable issue of fact concerning whether the defendants acted with discriminatory intent in formulating and maintaining the "no baggy pants" policy, based on the fact that the defendants were fully aware of instances when the bouncers had enforced the policy in a discriminatory manner against African-Americans. *Id.* Plaintiffs have alleged that Airbnb's proffered reason for its pre-booking mandatory photograph policy is "unworthy of credence" and have sufficiently alleged the requisite discriminatory intent to state a claim.

PAGE 11 – OPINION AND ORDER

## C. Place of Public Accommodation

Because Judge You concluded that Plaintiffs had not adequately alleged intentional discrimination, Judge You declined to reach whether Airbnb is a place of public accommodation under the OPAA. Airbnb argues that it is not. Airbnb contends that it falls within the category of "institution, bona fide club or place of accommodation that is in its nature distinctly private." Or. Rev. Stat. § 659A.400(2)(e). Airbnb hosts rent out privately-owned accommodations, generally their homes or rooms in their homes. Further, because hosts allow people into their homes, they retain full discretion over which guests they choose to allow. Indeed, it is this discretion that Airbnb recognizes has allowed so many hosts to deny accommodations to African-Americans based on race or color. Because it is a host, and not Airbnb directly, that offers the accommodations or lodgings, Airbnb argues, Airbnb is not a place of public accommodation under the OPAA. Further, Airbnb argues that it is a "distinctly private" organization and, thus, exempt from complying with Oregon's anti-discrimination public accommodation law.

Airbnb's argument rests on a narrow reading of the statute. The OPAA defines a "place of public accommodation" as "[a]ny place *or service* offering to the public accommodations, advantages, facilities or privileges whether in the nature or goods, services, lodgings, amusements, transportation or otherwise." Or. Rev. Stat. § 659A.400(1)(a) (emphasis added). Airbnb does not own the actual homes or rooms that its member hosts rent out to guests, but whether the individual hosts themselves are distinctly private entities is a different question from whether Airbnb is a distinctly private entity for purposes of the OPAA. Airbnb is a "service offering to the public . . . [certain] services," namely, the service of searching for, finding, and booking an accommodation using its online platform. Further, even though users must join Airbnb as a member and create a member profile to be allowed access to Airbnb's online platform services, entities still may be open to the public "de facto" when they are "so

unselective in their membership criteria that they are effectively public." *Lahmann v. Grand Aerie of Fraternal Order of Eagles* 180 Or. App. 420, 429 (2002). Plaintiffs have sufficiently alleged this element by pleading that Airbnb offers its services to all members and appears to allow almost anyone to become a member.

The Oregon Supreme Court has declared that the definition of a place of public accommodation under the OPAA "is intended to be a broad one and to apply to all types of businesses which offer goods and/or services to the public." *Schwenk v. Boy Scouts of Am.*, 275 Or. 327, 335 (1976) (emphasis omitted). Oregon courts define "a place of public accommodation" as "a business or commercial enterprise that offers privileges or advantages to the public." *Lahmann*, 180 Or. App. at 429. It is irrelevant that Airbnb does not itself directly rent or own the accommodations being rented out because what Airbnb provides to the public is the service of using its online platform to browse, locate, book, and pay for accommodations in private homes. Plaintiffs, therefore, have sufficiently alleged that Airbnb is a place of public accommodation under the OPAA.

## CONCLUSION

The Court ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's F&R (ECF 48) and DENIES Defendant's Motion to Dismiss the First Amended Complaint (ECF 44).

**IT IS SO ORDERED**.

DATED this 30th day of October, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge